Mary GARRETT, Wilburn Campbell and James Gelmete, Plaintiffs,

v.

MILLER PLATING CORPORATION OF OHIO LOCAL 81 UNION EMPLOYEES PENSION PLAN, Miller Plating Corporation of Ohio, Metal Processing Corporation, Union Commerce Bank, and Robert Wazbinski, jointly and severally, Defendants.

Civ. A. No. 83CV–6016–AA.

United States District Court,
E.D. Michigan, S.D.

Dec. 19, 1983.

Bradley Geller, Ann Arbor, Mich., for plaintiffs.

Philip A. Grashoff, Jr., Dahlberg, Mallender & Gawne, Birmingham, Mich., Terry J. Klaasen, Jackson, Mich., for defendants.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Before the Court is plaintiff's motion to compel the answers to interrogatories that were propounded to defendant Huntington Bank on June 15, 1983. Plaintiff also seeks sanctions of $1,000 for failure of defendant to serve answers to the interrogatories within 30 days, under Fed.R.Civ.P. 37(d). The motion is granted in both respects.

Defendant has argued that sanctions are inappropriate in this case, because its failure to respond to plaintiff's interrogatories was occasioned by the restructuring of defendant's business following a hostile takeover, and not because of any lack of diligence or intentional refusal to cooperate on the part of defendant or its counsel. The short answer to this response is that it should have been raised as a timely answer to plaintiff's interrogatories. Defendant, however, did not offer this explanation for its failure to respond to the interrogatories within the 30-day period prescribed by Fed. R.Civ.P. 34(b). Rather, it waited until plaintiff brought this motion to compel production of the answers before raising the explanation.

The rules of discovery are designed to impose an orderly process for the exchange of information that is compatible with the goal of the prompt and efficient resolution of cases on the Court's docket. Failure of a party to comply with the time limits disrupts the orderly and prompt resolution of the lawsuit. Had defendant proffered its explanation for delay within the 30 days provided for a response, the Court might very well have agreed with defendant that timely answers could have been filed beyond the 30-day period. But the explanation was not then made. Consequently, the Court concludes that imposition of sanctions is justified in this case.

Defendant is to answer the interrogatories on or before December 1, 1983. Defendant is to pay to the plaintiff $1,000 on or before January 15, 1984. In the event of

failure in either respects, default is to be entered against the defendant.

SO ORDERED.